IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| FRANK W. DILL, an individual, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | NO. CIV-13-1321-D |
| | ) | |
| COMENITY BANK/SPORTS AUTHORITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is the motion of Defendant Comenity Bank to dismiss the state court pleading filed by Plaintiff in state small claims court or, in the alternative, for a more definite statement [Doc. No. 7]. Also before the Court is Defendant's motion to vacate the default judgment entered in the state court *after* Defendant filed its Notice of Removal both in the state court and this Court [Doc. No. 8]. Plaintiff has filed a combined response to both motions [Doc. No. 10].

Defendant's motion to vacate the state court default judgment must be granted. *See, e.g., Tarbell v. Jacobs*, 856 F. Supp. 101, 104 (N.D.N.Y. 1994) (upon the filing of the Notice of Removal in state court, state court jurisdiction ends and any further action by the state court is void; federal court has the power to set aside default judgment entered in state court after removal). *See also* 28 U.S.C. § 1446(d) (upon filing of a copy of the notice of removal with the clerk of the state court, the state court "shall proceed no further unless and until the case is remanded").

Plaintiff's pleading is so vague and ambiguous that Defendant Comenity Bank cannot

reasonably prepare a response. It states simply that Defendant owes Plaintiff $1,500.00 for "violation of FDCPA, Sec. 8091." *See* Notice of Removal, Ex. 1 [Doc. No. 1-1]. Under the circumstances, the Court finds that Plaintiff should be ordered to file a complaint that satisfies Rule 8(a), Fed. R. Civ. P. Therefore, pursuant to Rule 12(e), Fed. R. Civ. P., Defendant's motion for a more definite statement [Doc. No. 7] will be granted, and Plaintiff will be directed to file a complaint within fifteen (15) days sufficiently setting forth what he claims Defendant did, and when and how Defendant's acts and/or omissions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* Accordingly, Defendant's alternative motion to dismiss will be denied.

In accordance with the foregoing, Defendant Comenity Bank's motion to vacate the default judgment entered in state court post-removal [Doc. No. 8] is GRANTED. That default judgment was void *ab initio* and is VACATED. Further, Defendant Comenity Bank's motion for a more definite statement [Doc. No. 7] is GRANTED, and Plaintiff is ORDERED to file a complaint containing a more definite statement of his claim or claims (as described herein) within fifteen (15) days. Defendant Comenity Bank's alternative motion to dismiss [Doc. No. 7] is DENIED.

IT IS SO ORDERED this 13th day of February, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE