# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK W. DILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-13-1321-D ) |
| COMENITY BANK/SPORTS AUTHORITY, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. [Doc. No. 14]. In support of its motion, Defendant asserts that Plaintiff has failed to state a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, because Plaintiff has failed to allege that Defendant is a debt collector under FDCPA, that Defendant attempted to collect a debt from Plaintiff, and that the debt was a consumer debt. Further, based upon exhibits referred to in Plaintiff's Complaint, Defendant asserts that it is not a debt collector under FDCPA but the entity that extended credit to Plaintiff. Defendant also asserts that Plaintiff has failed to state a claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, because Defendant is a "furnisher of information" and the only private cause of action against a furnisher of information arises when the furnisher of information fails to act after receiving notice of a dispute from a credit reporting agency. *See* 15 U.S.C. §1681s-2(b). Defendant points out that Plaintiff has failed to allege a consumer reporting agency notified Defendant that Plaintiff had disputed the debt as to which Defendant had furnished information. Finally, to the extent Plaintiff is attempting to state a cause of action for defamation, Defendant argues that Plaintiff

failed to plead sufficient facts to support such a claim under state law, and in any event, any defamation claim is preempted by FCRA.

Plaintiff, who appears *pro se*, responds regarding his FDCPA claim that Defendant should be considered an indirect debt collector because any "payments to Sports Authority, are actually paid or routed to Comenity Bank." *See* Pl.'s Resp. Br. [Doc. No. 17], ¶ 5. Plaintiff responds regarding his FCRA claim that while Defendant may be a furnisher of credit information, Defendant furnished inaccurate information "and that has been the basis of [Plaintiff's] Complaint from the start." *See id.*, ¶ 9. Plaintiff does not address Defendant's arguments regarding a defamation claim.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Discussion**

**A.     FDCPA Claim**

"The FDCPA applies only to 'debt collectors.'" *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1187 (10th Cir. 2013). As defined in the statute, a "debt collector" means a person

2

engaged in a "business the principal purpose of which is the collection of any debts" or "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). It excludes a "creditor" – that is, a person "who offers or extends credit creating a debt or to whom a debt is owed," *id.* § 1692a(4) – unless the creditor "who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id*. § 1692a(6). *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of § 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors. . . ."); *accord Solomon v. HSBC Mortg. Corp*., 395 F. App'x 494, 495 (10th Cir. 2010).

The Complaint contains no factual allegations that suggest Defendant is a debt collector or that support the argument in Plaintiff's brief that Defendant could be considered an "indirect" debt collector. Also, the Complaint describes and refers to several letters that Plaintiff sent Defendant during 2013; these letters appear in the case record as attachments to a previous filing by Plaintiff [Doc. No. 10]. Because Plaintiff relies on these letters in his Complaint and they are central to Plaintiff's claims, the Court may consider them without converting this Rule 12(b)(6) motion to one for summary judgment. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Jacobsen v. Deseret Book Co.* 287 F.3d 936, 941 (10th Cir. 2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-5 (10th Cir. 1997). The letters show that Defendant extended credit to Plaintiff and is the entity to which the debt is owed. Thus, Defendant is not a "debt collector" under FDCPA, and Plaintiff cannot state a FDCPA claim.

**B.     FCRA Claim**

In paragraph 11 of the Complaint [Doc. No. 12], Plaintiff alleges as follows:

> After disputing the debt with the credit bureaus and with the Defendant, Defendant also failed to report this debt as disputed to the credit bureaus, violating Fair Credit Reporting Act, § 623, titled Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2].

Section 1681s-2(a)(8) addresses a consumer's ability to dispute information directly with a furnisher of credit information. However, FCRA does not provide a private cause of action for a violation of Section 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c); *see also Sanders v. Mountain Am. Fed. Credit Union,* 689 F.3d 1138, 1147 (10th Cir. 2012) (citations omitted); *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009).

FCRA only provides a private right of action against a furnisher of information for a violation of Section 1681s-2(b), which enumerates the duties of the furnisher upon notice of a dispute, specifically, "[a]fter receiving notice pursuant to section 1681i(a)(2)" from a credit reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1); *see also Pinson*, 316 F. App'x at 751 ("notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)") (internal quotation omitted). As explained by the Tenth Circuit: "While Congress did not want furnishers of credit information to be exposed to suit by any and every consumer dissatisfied with the credit information furnished, Congress allows consumers to enforce the duty of accurate reporting through the FCRA's dispute process. When the furnisher receives notice of a dispute from the credit reporting agency, it must perform the verification and correction duties described in 15 U.S.C. § 1681s-2(b). . . . [A] breach of those duties might expose the furnisher to liability." *Sanders*, 689 F.3d at 1147 (citing *Pinson*, 316 F. App'x at 751).

Plaintiff seeks to hold Defendant liable under FCRA as a "furnisher of credit information" for violation of Defendant's duties under Section 1681s-2. However, Plaintiff has not alleged that Defendant received any notice of a dispute from a consumer reporting agency that would trigger any duty under Section 1681s-2(b). Plaintiff concedes in his response to the Motion that he "would not know if [Defendant] were to have received any notice from the credit reporting bureau that the alleged debt had been disputed." *See* Pl.'s Resp. Br. [Doc. No. 17], ¶ 12. This omission is fatal to Plaintiff's FCRA claim against Defendant as a "furnisher of credit information." *See Pinson*, 316 F. App'x at 751; *see also Sanders*, 689 F.3d at 1147. Further, Plaintiff does not identify any duty under Section 1681-2(b) that Defendant failed to perform. Accordingly, the Complaint fails to state a FCRA claim against Defendant.

**C.     Defamation**

Plaintiff also mentions in paragraph 10 of the Complaint [Doc. No. 12] "Defendant's defamation of Plaintiff's character." The Complaint does not allege, however, the necessary elements of a state law defamation claim. *See, e.g., Bates v. Cast*, 316 P.3d 246, 250 (Okla. Civ. App. 2013). Moreover, any defamation claim against Defendant as a furnisher of credit information is preempted by 15 U.S.C. § 1681t(b)(1)(F). *See Macpherson v. J. P. Morgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2nd Cir. 2011); *Purcell v. Bank of America*, 659 F.3d 622, 625 (7th Cir. 2011).

**Conclusion**

For these reasons, the Court finds that Plaintiff's Complaint fails to state a claim against Defendant on which relief can be granted. The Court further finds no basis for granting Plaintiff leave to further amend his Complaint.[1]

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 14] is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 14th day of April, 2014.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Futility is apparent from the fact that Defendant is a not a debt collector and from Plaintiff's admission that he does not know if Defendant received any FCRA notice from a credit reporting agency. Further, "[w]here a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Svcs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989).